### J. T. Evans v. The State.

#### No. 7940.  Decided December 12, 1923.

1.—Manufacturing Intoxicating Liquor—Evidence—Duress.

Testimony of a statement made by appellant to the sheriff to the effect that he had whisky for his own use when the sheriff came there with a search warrant, and before defendant was under arrest, was admissible in evidence.

2.—Same—Evidence—Declarations of Defendant.

Upon trial of manufacturing intoxicating liquor, testimony of the sheriff in detailing the conversation had by him with defendant when he went down to where defendant was and told him that he had a search warrant, and before defendant's arrest, was admissible.

3.—Same—Evidence—Declarations of Defendant.

Testimony as to defendant's declaration that he made whisky for his own use, etc., after his arrest, to a third party, and after like testimony was in evidence, did not constitute reversible error.

Appeal from the District Court of Liberty.  Tried below before the Honorable J. L. Manry.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State. On question of declarations of defendant, Broz v. State, 93 Texas Crim. Rep., 137; Wade v. State, 93 id., 364.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Liberty County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record contains two bills of exception. The first bill complains of the introduction in evidence of a statement made by appellant to the sheriff of the county to the effect that he had whisky for his own use. The ground of the objection is that appellant was under duress. From the bill of exceptions we learn that the sheriff had informed appellant that he was there to search his premises for whisky and a still and that he had a search warrant. It was in response to this statement by the officer that appellant made the answer here claimed to be objectionable. We are unable to agree with the contention. The fact that the officer had a search warrant directing him to search the premises would not be tantamount to a warrant, and, unless the testimony supporting the objection went further, we could not hold the owner of the premises sought to be searched, under arrest by a mere statement to him by the officer of the fact of his possession of such search warrant and his intention to execute same by searching the premises. It further appears in this record that after the premises were searched the officer did not then arrest appellant but went away and left him.

The only other bill of exceptions complains of the testimony of the sheriff in detailing the conversation had by him with the appellant when he went down to where appellant was and told him that he had a search warrant. The officer testified that appellant then told him that he had some whisky for his own use. The officer further testified that he had made no search at that time and had found nothing, and had not asked appellant what he had done, and that appellant volunteered the statement that he had some whisky for his own use. We do not think this to evidence a statement made under duress as has just been stated by us above. From the State's testimony we learn that in appellant's smoke-house was found a barrel of mash and behind the smoke-house was a five gallon oil can having dough around the spout and the can was smutty and smelled like whisky. Fruit jars and bottles in the smoke-house also had the scent of whisky in them. It is made to appear without objection that

appellant told a State witness that the apparatus described was what he had cooked his mash in. State witness Wheat testified that appellant told him that he had made whisky for his own use and that he had given some drinks to some of his good friends. The officer found a pint of whisky in the house of appellant. The State introduced a Mr. Smith who testified to a conversation with appellant, evidently after his arrest on this charge. Detailing the conversation had, this witness said that appellant made the following statement to him: "I didn't think it was a violation of the law to make it for your own use. I have got some for my own use and don't deny it, and drink it and gave some of my friends some of it and I guess some of my good friends must have give Mr. Wheat a tip to turn me in."

The evidence seems to support the conviction, and finding no error in the record an affirmance must be ordered.

*Affirmed.*